IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THASHA BOYD,

                          Plaintiff,

     v.                                              1:13-cv-3893-WSD

SALLY QUILLIAN YATES, et al.,

                          Defendants.


## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss [4]

Plaintiff's Petition for Writ of Mandamus for failure to state a claim.

## I.     BACKGROUND

Plaintiff Thasha A. Boyd ("Plaintiff"), proceeding *pro se*, is a former

employee of: (1) the United States Department of Labor ("USDOL"); (2) the

Employment and Training Administration ("ETA"); and (3) the Office of Foreign

Labor Certification ("OFCL").  (Compl. at 2.)  On October 1, 2013, Plaintiff

alleges that she filed a Criminal Complaint ("Complaint") for perjury and

subordination of perjury against USDOL, the offices of the United States Attorney

General in the Northern District of Georgia ("Attorney General"), and the Federal

Bureau of Investigation ("FBI"), Atlanta division (collectively, "Defendants").[1]  In her Complaint, Plaintiff alleges that her coworkers at the USDOL allegedly made false statements under oath at a Merit Systems Protection Board (MSBP) hearing.

On November 22, 2013, Plaintiff filed her Petition for Writ of Mandamus [1] (the "Petition") asserting that Defendants' decision to not investigate or to bring to prosecution her Complaint violated her constitutional rights and constitutes an abuse of discretion.  Plaintiff alleges that Defendants have not taken any action to investigate her Complaint, and that, pursuant to 28 U.S.C. § 535, Defendants have a responsibility to investigate her Complaint.  In the Petition, Plaintiff seeks for the Court to issue a Writ of Mandamus to order Defendants to investigate and prosecute her Complaint

On January 24, 2014, Defendants filed their Motion to Dismiss seeking dismissal for failure to state a claim.

---

[1]      Plaintiff asserts that the Complaint was delivered to the FBI on October 2, 2013, and to the Attorney General on October 4, 2013.  (Compl. ¶ 7.)  Plaintiff visited the offices of the Attorney General and the FBI to confirm that the Complaint was received.  (See id. ¶¶ 8-9.)  On October 31, 2013, Plaintiff alleges that she visited the offices of the Attorney General and hand-delivered a copy of the Complaint.  (See id. ¶ 9.)

## II.   DISCUSSION

### A.   Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, the Court must "assume that the factual allegations in the

complaint are true and give the plaintiff[] the benefit of reasonable factual

inferences."   Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir.

2010).   Although reasonable inferences are made in the plaintiff's favor,

"'unwarranted deductions of fact' are not admitted as true."   Aldana v. Del Monte

Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water

Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)).   Similarly, the Court is

not required to accept conclusory allegations and legal conclusions as true.   See

Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)

(construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly,

550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).   Mere "labels and

conclusions" are insufficient.   Twombly, 550 U.S. at 555.   "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than

the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting

Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims

across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550

U.S. at 570).

Complaints filed *pro se* are to be liberally construed and are "held to less

stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus,

551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the

Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be

construed liberally, a *pro se* complaint still must state a claim upon which the

Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

"[A] district court does not have license to rewrite a deficient pleading."  Osahar v.

U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.    Analysis

The Mandamus Act, 28 U.S.C. § 1361, vests the Court with "original

jurisdiction of any action in the nature of mandamus to compel an officer or

employee of the United States or an agency thereof to perform a duty owed to the

4

plaintiff."  28 U.S.C. § 1361.  Mandamus is an extraordinary remedy, and the

petitioner seeking the writ carries the burden of showing his "right to the issuance

of the writ is 'clear and indisputable.'"  Carpenter v. Mohawk Industries, Inc., 541

F.3d 1048, 1055 (11th Cir. 2008) (citing In re Lopez-Lukis, 113 F.3d 1187, 1188

(11th Cir. 1997).  Mandamus relief is only appropriate when: (1) the plaintiff has a

clear right to the relief requested; (2) the defendant has a clear duty to act; and (3)

"no other adequate remedy [is] available."  Cash v. Barnhart, 327 F.3d 1252, 1257

(11th Cir. 2003) (citing Jones v. Alexander, 609 F.2d 778, 781 (5th Cir. 1980)).

Prosecutorial discretion is respected as a matter of separation of powers.  See, e.g.,

United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000).  Prosecutors have far-

reaching authority to decide whether to investigate, and prosecutorial decisions are

"particularly ill-suited to judicial review."  Wayte v. United States, 470 U.S. 598,

607 (1985).  In all cases, there is an initial "presumption that a prosecutor has acted

lawfully."  Reno v. American-Arab Anti-Discrim. Comm., 525 U.S. 471, 489

(1999).  "[So] long as the prosecutor has probable cause to believe that the accused

committed an offense defined by statute, the decision whether or not to prosecute,

and what charge to file or bring before a grand jury, generally rests entirely in his

discretion."  Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978).

Here, Defendants have "broad discretion" in deciding whether to prosecute the allegations in Plaintiff's Complaint.   Plaintiff does not identify any provision that creates a non-discretionary duty for Defendants to investigate and prosecute the allegations the Complaint.  Plaintiff is not entitled to relief under the Mandamus Act.  See, e.g., Otero v. United States Att'y Gen., 832 F.2d 141, 141-42 (11th Cir. 1987) ("prosecutorial discretion may not be controlled by a writ of mandamus"); Eldeeb v. Chertoff, 19 F.Supp.2d 1190, 1212 (writ of mandamus not appropriate to compel FBI to conduct investigations); Jarrett v. Ashcroft, 24 F.App'x 503, 504 (6th Cir. 2001) (mandamus not appropriate to compel the Attorney General or a United States Attorney to conduct investigations or initiate prosecutions); Piskanin v. John Doe, 349 F.App'x 689, 691 (3d Cir. 2009) ("While 28 U.S.C. § 535 provides that the FBI 'may investigate any violations of Federal criminal law involving Government officers and employees,' the decision to initiate an investigation is within the FBI's discretion."). Plaintiff's Petition is required to be dismissed.[2]

_____

[2]    It appears that Plaintiff's attempt to serve Defendants a copy of the summons and Complaint by certified mail was insufficient to perfect service of process on Defendants.  See Syer v. Wal-Mart Stores, Inc., 318 F. App'x 843, 844 (11th Cir. 2009) (service by mail is insufficient to deliver a copy of the summons and complaint to an authorized agent under Federal Rule of Civil Procedure 4(h)(1)(B)); see also Madden v. Cleland, 105 F.R.D. 520, 523 (N.D. Ga. 1985) ("Georgia law has no provision for service by mail."). "Service of process is a

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [4] is

**GRANTED**.


**SO ORDERED** this 29th day of July, 2014.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990).  Defendants did not challenge the sufficiency of the service of process in their Motion.  "Challenges to service of process will be waived, however, if not raised under Federal Rule of Civil Procedure 12." Id. "Under Rule 12, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; i.e., the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer." Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs., 553 F.3d 1351, 1359 (11th Cir. 2008).